# Parker *et al.* v. McFerrin.

*Action on Instrument under Seal.*

1. *Warranty of personalty need not be in writing; sufficiency of plea.*— For a warranty of soundness of chattels to be binding, it is not essential that it should be in writing; and a plea of warranty in the sale of a chattel is not insufficient and demurrable for a failure to allege that the warranty set up was in writing.

APPEAL from the Circuit Court of Butler.
Tried before the Hon. JOHN R. TYSON.

This was an action brought by the appellee, James McFerrin, against the appellants, Samuel Parker and another; and counted on an instrument under seal, by which defendants promised to pay to plaintiff the amount sued for. The facts of the case are sufficiently stated in the opinion. There was judgment for plaintiff. The defendants appeal, and assign as error the rulings of the trial cout in sustaining plaintiff's demurrer to defendants' special pleas.

[Parks *et al.* v. McFerrin.]

J. M. WHITEHEAD, for appellant, cited *Mobile Life Ins. Co. v. Randall*, 74 Ala. 170; *Thompson v. Lee*, 31 Ala. 292; Anson on Contracts, 151.

No counsel marked as appearing for appellee.

McCLELLAN, J.—This action is prosecuted by McFerrin against Parker and another on an instrument under seal executed by the defendants, wherein they promised to pay the amount sued for to the plaintiff. The pleas were: "1st. Non assumpsit. 2d. Failure of consideration in this that, the note sued on was given for a horse, which said horse was, at the time of said sale, unsound and worthless, which was not known to the defendants at the time of said purchase and the giving of said note;" and, "3d. Failure of consideration in this, that the note sued on was given for a horse which was warranted by the plaintiff to be sound, but which was in fact, at the time of the purchase, unsound and worthless, which was not known to the defendants at the time of the giving of said note." Plaintiff interposed a demurrer which is as follows: "Comes the plaintiff by attorney and demurs to defendants' pleas of warranty, and assigns for demurrer the following ground: that defendants in said plea fail to allege that said warranty was in writing." The court sustained this demurrer to the 2d and 3d pleas. That is the only action of the court now presented for review. Counsel says that the 2d plea is one of implied warranty. This can not be. The law raises no implication of a warranty of soundness on the facts averred in it. This plea was clearly insufficient as a defense to the action; but neither that nor the 3d plea was open to the one objection taken by the demurrer to both of them. It is not essential to a warranty of soundness of chattels that it be in writing. See *Thompson v. Harvey*, 86 Ala. 519. The demurrer should have been overruled. A judgment to that effect will be here entered, and the cause will be remanded.

Reversed, rendered in part, and remanded.