# Warren & Lanier *v.* Cash.

*Action of Assumpsit, and on Special Contract.*

1. *Pleading; warranty.*—Where a plea sets up a warranty as to the quality of goods alleged to have been sold, and a breach of the warranty, it is unnecessary to state therein how the warranty was made, or whether it was in writing, or by parol.

2. *Same; matters of evidence not to be stated.*—It is not a valid objection to a plea, that it fails to set out matters which are merely evidential, or proper to be proved in respect to the plea.

3. *Same; contracts; modification.*—Where a plea sets up the modification of an executory contract, it is not necessary for it to show that the modification was based on a consideration.

4. *Same; same; special condition.*—Where a plea denies the fact alleged in the complaint, that an account sued on was due when suit was brought, a special replication is not necessary, to let in proof of a special condition upon which it was to ᵃbecome due at an earlier period than that apparently shown by the account.

5. *Partnership; discontinuance.*—Where a contract, under which goods are sold a partnership, provides that the period of credit given should be abridged, and the account become due immediately, in case of the discontinuance of business by the "Purchaser," the selling ouʋ by one partner to a third person of all his interest in the partnership, is a discontinuance of business by the purchaser within the meaning of the contract, even though the remaining partner continues the same business, at the same place, and with virtually the same stock, with a new partner.

APPEAL from Geneva County Court.
Tried before the Hon. P. N. HICKMAN.

This action was begun by appellee, H. M. Cash, against the appellants, W. L. Warren and W. M. Lanier, as late partners, upon a complaint containing two counts. The first count was in the Code form for goods, wares and merchandise sold and delivered. The second count

was based upon an alleged special contract of purchase and sale of goods.

The defendants filed seven pleas, the first being the general issue, and the third as follows; that the account declared on in the complaint grew out of the purchase, by defendants and the plaintiff's traveling salesman, of some patent medicine, which said medicine the plaintiff guaranteed to be a good and useful medicine and of quick and ready sale, and the defendants aver that said medicines were of no value, and were not salable, and that, on discovering this fact, they returned the same to the plaintiff. The second plea was that there was no consideration for the account sued on. In the 4th plea, defendants aver that the account and contract in this case grew out of the purchase by the defendants of some patent medicine, which medicine was manufactured by the plaintiff and sold by the plaintiff under an implied guaranty that the same was useful and valuable for the purpose sold, and the defendants aver that said medicine was without utility for the purposes sold, and that, upon discovering this fact, they returned it to the plaintiff. In the 5th plea, the defendants aver that, when said goods were purchased, and after the contract in the cause was signed, it was agreed and understood between the defendants and the plaintiff's traveling salesman, through whom said goods were ordered, that, if said medicine upon trial thereof did not suit the defendants, or that, if the defendant determined that the same was not salable, then, in such event, the defendants could return the same to the plaintiff, and be relieved from any obligation to pay therefor. And the defendants aver that upon a trial of the same, they did determine that said medicine was not salable at this point, and they thereupon returned the same to the plaintiff. In the 6th plea, the defendants aver that the account in this cause accrued by reason of the purchase, by the defendants of the plaintiff, of some patent medicine, which medicine was manufactured by the plaintiff, and that, at the time of such purchase, the said plaintiff, who was doing business in the State of Alabama, had no license to manufacture or sell patent medicines as required by law. In

the 7th plea, the defendants further aver in answer to said complaint, that, at the time of the bringing of the suit in this cause, the account, its foundation, was not due, and they make oath that the contents of this plea are true.

The plaintiff demurred to second plea on grounds; 1st, because the plea failed to show wherein there was any want of consideration; 2nd, because the word "Account" carries with it the idea of a consideration; 3rd, the word "Account" implies a consideration, and, if it did not, the plea of the general issue is sufficient; 4th, said plea is the mere consideration of the pleader. To the third and fourth pleas, the plaintiff interposed the following grounds of demurrer; 1st, because said pleas fail to state how said guaranty was made; 2nd, said pleas fail to state whether or not said guaranty was in writing, and, if in writing, was subscribed by the plaintiff or any body authorized to bind the plaintiff; 3rd, because said plea fails to state the purposes of said alleged sale and what efforts were made by the defendants to find out whether or not said patent medicine was useful or valuable as a medicine or for the purposes sold; 4th, said plea fails to show the efforts put forth to sell said medicine, and if these efforts were put forth by the defendants or not; 5th, said pleas fail to state how said medicine was not salable, or if defendants tried to sell it, or if defendants tried to sell it at the true price, or to the proper persons; 6th, said pleas fail to aver that defendants exposed said medicine for sale; 7th, said pleas fail to aver how long said medicine was exposed for sale, if it was ever exposed for sale; 8th, said pleas imply that defendants bought the said medicine from plaintiff only to resell the same and not to use it otherwise, and fail to state if defendants tried to resell it, and with how much effort, and how long they tried to resell it; 9th, said pleas state no matter of defense which could be pleaded as a bar in law to this action. To plea number five, plaintiff demurred on grounds: 1st, that no consideration was shown for the subsequent or modified agreement shown by the plea; 2nd, because the agreement was void, being without consideration; 3rd, and

4th, on same grounds as those upon which demurrer to third and fourth pleas were based.

The demurrers to pleas numbered three, four and five were sustained by the court, and plea number six having been stricken from the file, the parties went to trial on issue joined on pleas one, two and seven.

There was judgment for the plaintiff, from which the defendants appeal. A statement of the facts is unnecessary for an understanding of the opinion.

W. O. MULKEY, for appellant.

E. F. ELLSBERRY, *contra*.

McCLELLAN, C. J.—The 1st and 2nd grounds of demurrer to pleas 3 and 4 were not well taken: the pleas alleged warranty as to quality of goods sold, and a breach of it; and it was unnecessary for them to aver how the warranty was made, or whether by writing or in parol. *Parker v. McFerrin*, 103 Ala. 132.

The other grounds of the demurrer—except the 9th, which is a general demurrer and need not be further mentioned,—object to these pleas for their failure to state mere evidential facts, facts proper to be proved in respect of the pleas, but not necessary to be averred in them. This demurrer presented no tenable objection to the pleas and the court erred in sustaining it.

The 3rd and 4th assignments of demurrer to the 5th plea were of the same character as those considered last above to the 3rd and 4th pleas. The 1st and 2nd assignments against the 5th plea were bad for the reason that it is not necessary to allege a consideration for a modification of an executory contract.—*Cooper v. McIlvain*, 58 Ala. 296. It cannot be said that defendants had or could have had the benefit of the facts laid in these pleas either under the general issue or under special plea 2, so we cannot see that they were not prejudiced by the erroneous rulings on these demurrers.

The 7th plea was but a denial of a fact alleged in the complaint, viz: that the account sued on was due when the suit was brought. In order, therefore, to let in

11s

[Dudley v. Fitzpatrick.]

proof of the special condition upon which it was to become due, short of the six months' credit that was to obtain if that condition did not transpire, it was not necessary for the condition in question to be specially replied to the plea.

That condition, the fact which was to abridge the period of credit and bring the account to maturity immediately upon its happening, was the discontinuance of business by "The purchaser." "The purchaser" was the firm of Warren & Lanier. That firm did discontinue business before suit was brought, Warren selling out his interest and ceasing to have any interest in the business. In our opinion this was a "Discontinuance of the business by the purchaser" within the meaning of the stipulation, though Lanier and a new partner carried on business at the same place and with the same stock of goods, substantially.

Reversed and remanded.

HARALSON, DOWDELL and DENSON, J.J., concurring.