(94 South. 543)

### ROSENGRANT et al. v. FINKLEA.
### (1 Div. 231.)

(Supreme Court of Alabama. Nov. 2, 1922.)

**1. Sales ⧉377—General allegation of seller's offer of performance and buyer's refusal held sufficient.**

In an action for damages caused by the buyer's breach of a contract to purchase lumber, to be delivered f. o. b. cars at a stated point, allegations that plaintiff had delivered on the cars at that point, and defendant had accepted a part of the lumber, and that plaintiff had been ready, able, and willing to deliver the balance called for by the contract, but that defendants refused to permit such delivery, and refused to accept the rest of the lumber, were sufficient allegations of readiness to perform, and of breach, since all that is required is that the breach be substantially set forth, and be sufficient to inform the defendant what he is expected to defend, and that may be done in general terms.

**2. Sales ⧉113—Removal of part of goods by unknown person does not justify buyer's rescission.**

The fact that, after the seller of the lumber in a specified yard had hauled it to the railroad for delivery on the cars as required by his contract, a portion of the lumber was removed by some person, not stated, but not shown to have been the seller, does not authorize the buyer to rescind the entire contract, so that the buyer's letter giving such removal as the ground for canceling the contract was properly excluded from evidence, especially where it might have been received after the seller attempted to minimize his damages by reselling the lumber which the buyer refused to take.

**3. Sales ⧉153—Buyer's refusal to take part relieves seller of duty to deliver balance or tender delivery.**

The failure of the buyer to take a part of the lumber and pay for it according to the contract terms relieves the seller of the duty of actually delivering the balance, or of tendering such delivery, it being sufficient to show that he was ready, able, and willing to comply with his contract.

**4. Sales ⧉177—Extension of time to receive goods does not absolve buyer's obligation.**

Where the seller did not treat defendant's refusal to accept delivery of the lumber sold within the stipulated contract time as a breach, as he could have done, but granted an extension of time for completion of delivery requested by the buyer, such extension did not absolve the buyer of his duty to take the lumber.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by Ollie B. Finklea against G. M. Rosengrant and H. Ross Rogers. From a judgment for plaintiff, defendants appeal. Affirmed.

The complaint reads as follows:

"(1) Plaintiff claims of the defendants the sum of $1,594.11 damages for the breach of a contract entered into by and between the plaintiff and defendants on, to wit, April 2, 1920, in substance as follows: The defendants agreed to buy and the plaintiff agreed to sell, to wit, all of the pine lumber 1 inch by 6 inches, and 1 inch by 8 inches, and 1 inch by 10 inches, and 1 inch by 12 inches in size, 10 feet and up in length, square edge and sound, about 85,000 feet, and all of the pine lumber known as 'dimension' 2 inches by 6 inches, and 2 inches by 8 inches, and 2 inches by 12 inches, in size, and 10 feet and up in length, square edge and sound, about 75,000 feet, then on the millyard of plaintiff, that millyard plaintiff got from Mack Daily, near Corduroy, Ala., at $31.50 per thousand feet, all to be delivered by plaintiff f. o. b. cars at Corduroy, Ala., terms of payment cash as lumber was loaded in cars, and delivery to be made as soon as possible after date of contract, and plaintiff says that, although he has complied with all the provisions thereof on his part, in that he delivered promptly after the date of the contract, on cars at Corduroy, to wit, 30,629 feet of said pine lumber, and was ready, able and willing, and offered then and there, to deliver the balance of said lumber, including that known as 'dimension,' to wit, 138,618 feet; the defendants have failed to comply with the following provisions thereof, viz.: The defendants accepted delivery and paid for only, to wit, 30,629 feet of said lumber, and refused to permit plaintiff to deliver on cars the balance of said lumber, including what is known as 'dimension,' and refused to receive delivery of same although required by plaintiff to do so, and thus wholly failed and refused to accept the remaining lumber, including that known as 'dimension,' contracted for. Plaintiff avers that, by reason of, and as a proximate consequence of, the breach of said contract as alleged, plaintiff was forced to, or did, go into the market and sell the balance, to wit, 138,618 feet of said lumber, including that known as 'dimension,' at a greatly reduced price. Plaintiff avers that he sold the said lumber, including that known as 'dimension,' in open market, after having given defendants due notice of his intention so to do, and of his intention to call upon defendants to pay plaintiff any loss sustained by their failure to take the lumber as agreed. Plaintiff avers that in all this he was put to considerable trouble and expense in and about selling said lumber, all to plaintiff's damage, as aforesaid; hence this suit.

"(2) The plaintiff claims of the defendants $1,594.11 damages for the breach of an agreement entered into by them in writing on, to wit,

---

⧉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

April 2, 1920, in substance as follows: The defendants bought of plaintiff all the following pine lumber then on plaintiff's millyard, that millyard plaintiff got from Mack Daily, near Corduroy, Ala., of the following sizes, to wit: 1x6–8–10 and 12″ S. and S. E. 10′ and up, about 85 M feet at $31.50 per M, and all of the dimension on said millyard 2x4–6–8 and 12″ 10′ and up, S. E. S. about 75 M feet at same price per M, all f. o. b. cars, Corduroy, Ala. Terms, cash as loaded on cars; delivery as soon as possible. Meaning thereby that defendants bought of plaintiff all the pine lumber then on said millyard that was 1 inch thick by 6 inches and by 8 inches and by 10 inches and by 12 inches wide and 10 feet and up long, square edge and sound, about 85,000 feet, at $31.50 per thousand feet, and the pine timber on said millyard known as dimension stock that was 2 inches thick by 4 inches wide, and by 6 inches wide and by 8 inches wide and by 12 inches wide, 10 feet and up long, square edge and sound, about 75,000 feet, at $31.50 per thousand feet, to be delivered by plaintiff free on board cars at Corduroy, Ala., as soon as possible after April 2, 1920, the date of the contract, and that defendants would pay cash therefor as the lumber was loaded on cars. And the plaintiff says that, although he has been ready, willing, and able to comply with all its provisions on his part, namely, to put the whole of said lumber on the cars at Corduroy, Ala., immediately after the said contract was made, the defendants have failed to comply with the following provisions, viz.: There was at the time said contract was made, on said millyard, of the lumber of all kinds specified therein, to wit, 169,247 feet, and the plaintiff delivered on cars at Corduroy, Ala., and defendants accepted and paid for at the contract price 30,629 feet of said lumber, leaving, to wit, 138,618 feet, on said yard, and the defendants refused to accept delivery of said, to wit, 138,618 feet of said lumber, although plaintiff was ready, willing, and able to deliver said lumber on cars at Corduroy, Ala., and so informed defendants, and required them to accept it, but defendants refused to accept said lumber, and therefore plaintiff, after due notice to defendants, sold the said undelivered lumber at the best prices obtainable on the market, to wit, $20 per M, leaving a balance of $11.50 per M loss to plaintiff, which amount aggregated, to wit, $1,594.11, to plaintiff's damage, for which sum of money, with the interest thereon, plaintiff sues.

"(3) Plaintiff claims of the defendants the sum of $1,594.11 damages for the breach of a contract entered into by and between the plaintiff and defendants, on, to wit, April 2, 1920, in substance as follows: The defendants agreed to buy and the plaintiff agreed to sell, to wit, all of the pine lumber 1 inch by 6 inches, and 1 inch by 8 inches, and 1 inch by 10 inches, and 1 inch by 12 inches in size, 10 feet and up in length, square edge and sound, about 85,000 feet, then on the millyard of plaintiff, that millyard plaintiff got from Mack Daily, near Corduroy, Ala., at $31.50 per thousand feet, all to be delivered by plaintiff f. o. b. cars at Corduroy, Ala., terms of payment cash as lumber was loaded in cars, and delivery to be made as soon as possible after date of contract, and plaintiff says that, although he has complied with all the provisions thereof on his part, in that he delivered promptly after the date of the contract, on cars at Corduroy, Ala., to wit, 30,629 feet of said pine lumber, and was ready, able, and willing, and offered then and there, to deliver the balance of said lumber, to wit, 68,618 feet, the defendants have failed to comply with the following provisions thereof, viz.: The defendants accepted delivery, and paid for only, to wit, 30,629 feet of said lumber, and refused to permit plaintiff to deliver on cars the balance of said lumber, and refused to receive delivery of same, although required by plaintiff to do so, and thus wholly failed and refused to accept the remaining lumber contracted for. Plaintiff avers that by reason of, and as a proximate consequence of, the breach of said contract as alleged plaintiff was forced to, or did, go into the market and sell the balance, to wit, 68,618 feet of said lumber at a greatly reduced price. Plaintiff further avers that he sold the said lumber in open market, after having given defendants due notice of his intention so to do, and of his intention to call upon defendants to pay plaintiff any loss sustained by their failure to take the lumber as agreed. Plaintiff avers that in all this he was put to considerable trouble and expense in and about selling said lumber, all to plaintiff's damage, as aforesaid; hence this suit.

"(4) Plaintiff claims of the defendants the sum of $1,594.11 damages for the breach of a contract entered into by and between the plaintiff and defendants on, to wit, April 2, 1920, in substance as follows: The defendants agreed to buy and the plaintiff agreed to sell, to wit, all of the pine lumber known as 'dimension' 2 inches by 6 inches, and 2 inches by 8 inches, and 2 inches by 12 inches, in size, and 10 feet and up in length, square edge and sound, about 75,000 feet then on the millyard of plaintiff, that millyard plaintiff got from Mack Daily, near Corduroy, Ala., all to be delivered by plaintiff f. o. b. cars at Corduroy, Ala., terms of payment cash as lumber was loaded in cars, and delivery to be made as soon as possible after date of contract; no price for said lumber was definitely agreed on, but a reasonable and fair price for said lumber is $31.50 per thousand feet, and plaintiff says that, although he has complied with all the provisions thereof on his part, in that he was ready, able, and willing, and offered then and there, to deliver said lumber known as 'dimension,' to wit, 75,000 feet, the defendants have failed to comply with the following provisions thereof, viz.: The defendants refused to permit plaintiff to deliver on cars the said lumber, and refused to receive delivery of same, although required by plaintiff to do so, and thus wholly failed and refused to accept the said lumber so contracted for. Plaintiff avers that, by reason of, and as a proximate consequence of, the breach of said contract as alleged, plaintiff was forced to, or did, go into the market and sell the said lumber known as 'dimension,' to wit, 75,000 feet, at a greatly reduced price. Plaintiff further avers that he sold the said lumber in open market, after having given defendants due notice of his intention so to do, and of his intention to call upon defendants to pay plaintiff any loss sustained by their failure to take the lumber as agreed. Plaintiff avers that in all this he was put to considerable trouble and expense in

and about selling said lumber, all to plaintiff's damage, as aforesaid; hence this suit."

The defendants pleaded specially negligent performance of the contract on the part of the plaintiff, in that plaintiff improperly stacked the lumber so that it became blue or mildewed. Plaintiff replied, in substance, that the stacking of the lumber was at the direction of the defendants; that it was stacked with a view to its prompt loading on the cars; that defendants ordered that the lumber be not loaded, and that, if the lumber was damaged, it was due to the fault of defendants in delaying an unreasonable time to accept it.

The following letter offered in evidence by defendants was, on objection of the plaintiff, denied admission by the court:

"The Tunnel Springs Sawmill Company.

"Tunnel Springs, Alabama, June 14, 1920.

"Mr. O. B. Finkles, Buena Vista, Ala.—Dear Sir: My contract with you shows 85,000 feet of boards, 6, 8, 10, and 12, 2,500 feet 1x6; 10,000 feet 1x12; balance to be 8 and 10, 10 feet and up long. We have only received 30,-000 feet of this 8 and 10 inch stock which should leave a balance of 20,000 feet. I sent my inspector up to Corduroy to take up this lumber and he advises me that there is only 5,000 feet. It looks to me like there is a car gone from there; you say you have not shipped any so what has become of this lumber? Under the circumstances I will have to cancel this contract as I will have to the lumber elsewhere.

"Yours very truly,  H. Ross Rogers, K."

Smiths, Young, Leigh & Johnston, of Mobile, for appellants.

Plaintiff's allegation of performance is not sufficient, because it is not averred that he was ready, able, and willing, or offered, to deliver the balance of the lumber f. o. b. cars. 145 Ala. 568, 40 South. 390; 186 Ala. 475, 65 South. 180; 192 Ala. 69, 68 South. 359; 191 Ala. 339, 67 South. 609; 177 Ala. 596, 58 South. 989; 201 Ala. 222, 77 South. 748. The allegation of breach of contract is not sufficient. Authorities supra; 190 Ala. 305, 67 South. 430. To be valid, a contract must be binding on both parties, so each may have his action on it. 192 Ala. 35, 68 South. 263. It was error for the court not to receive in evidence the letter written by defendant to plaintiff. 59 Ala. 648.

R. Percy Roach, of Mobile, for appellee.

The averments of the complaint were sufficient to show the contract and breach thereof, as required by law. 205 Ala. 27, 87 South. 674; 204 Ala. 192, 85 South. 726; 165 Ala. 268, 51 South. 767, 138 Am. St. Rep. 66. The breach in the instant case was averred in strict conformity with the requirements, and was sufficient. 14 Ala. App. 422, 70 South. 201; 150 Ala. 106, 43 South. 729; 160 Ala. 386, 49 South. 455.

THOMAS, J. The suit was for damages for the breach of a contract for the sale of lumber, and was tried without a jury. There were four counts in the complaint, and demurrers thereto were overruled. The plea of the general issue and several special pleas were interposed. Plaintiff filed general and special replications to the special pleas.

[1] The effect of the several counts was that plaintiff performed a portion of the contract within the time stipulated, was ready, able, and willing and offered to complete the contract within the time and according to its terms, and that defendants refused, within that time, to accept performance. The allegation of offer of performance was to deliver the lumber per contract terms, "f. o. b., cars at Corduroy, Ala." No other place is mentioned in the complaint, and the fact that plaintiff was able, ready, and willing to deliver was fully discharged by the averment that he "offered then and there to deliver the balance of said lumber." When the count as a whole is considered, it meant, and could only mean, that delivery would be made f. o. b. cars at Corduroy. So, also, of the averments of time of delivery. Lysle Mill. Co. v. North. Ala. Gro. Co., 201 Ala. 222, 224, 77 South. 748; S. S. S. & I. Co. v. Payne, 192 Ala. 69, 68 South. 359; McCormick v. Badham, 191 Ala. 339, 67 South. 609; Terrell v. Nelson, 177 Ala. 596, 58 South. 989; Elliott v. Howison, 146 Ala. 568, 40 South. 1018; Covington Co. v. Ferguson, 204 Ala. 192, 85 South. 726; May Hosiery Mills v. Munford Cotton Mills, 205 Ala. 27, 87 South. 674. So of the refusal to permit plaintiff to deliver on cars the balance of the lumber. The foregoing authorities are not to the contrary. All that is required of the averment and proof of a breach of contract is that "the breach complained of be substantially set forth and substantially proved"; that it be sufficient to give the nature or character of the breach so as to inform the defendant what he is expected to defend; and this may be done in general terms as we have indicated. Woodward Iron Co. v. Frazier, 190 Ala. 305, 307, 67 South. 430; Pratt Con. Coal Co. v. Vintson, 204 Ala. 185, 85 South. 502; Tutwiler v. Burns, 160 Ala. 386, 49 South. 455; Smith v. Davis, 150 Ala. 106, 111, 43 South. 729. Counts 1, 2, 3, and 4 were free from demurrers assigned thereto. Duffey v. Sou. Mfg. Co., 207 Ala. 369, 92 South. 545.

[2] There was no error in declining to admit in evidence the letter by one of defendants of June 14, 1920, after the alleged breach of contract by defendants, by failure to receive lumber f. o. b. cars at Corduroy. Plaintiff was obligated to deliver "as soon

as possible" the lumber at the place indicated by contract. This being done, defendants refused to permit plaintiff to deliver the same on board cars, but alongside the cars; the fact that thereafter a portion of the lumber so delivered was removed by some one, not indicated as being plaintiff or its agents, gave no right of revocation of the whole contract and as to other lumber. Moreover, so far as disclosed by the record, the letter, though dated earlier, may have been received by plaintiff after he had attempted to minimize his damage caused by defendants' breach in refusing to take and pay for lumber per contract by its sale to Ivey & Co. The breach of the contract was concurrent with the failure to accept the lumber per contract stipulations, f. o. b. cars at Corduroy, within a reasonable time. And the evidence showed the delivery or offer of delivery was within such time.

[3] The judgment of the court was supported by the evidence. Plaintiff had hauled and delivered and sought to deliver, f. o. b. cars at Corduroy, 141,000 feet of lumber when defendants' agents stopped him from delivering 14,000 feet of lumber, or the balance thereof. The failure of defendants to take the lumber and pay for same per contract terms relieved plaintiff of the duty of actually delivering the balance of the lumber after its receipt was declined by defendants. As to the balance, it was shown that he was ready, able, and willing to perform. So, also, plaintiff was not required to proceed with tender of the other lumber or of other specifications. The declination to receive relieved plaintiff to do more than show that he was ready, able, and willing to comply with his contract. Lysle Mill. Co. v. North. Ala. Gro. Co., supra.

[4] The defendants having refused to accept delivery within the stipulated contract time, plaintiff could have treated this as a breach in the first instance; the fact that further time was requested and given for completion of delivery of the whole amount of lumber did not absolve defendants of their duty to take the lumber as agreed on. The fact remained that defendants' first refusal to accept deliveries f. o. b. cars at Corduroy was adhered to. Such was the effect of the conduct of defendants that it amounted to a continuous refusal to accept that constituted a breach of contract proximately resulting in plaintiff's damages, for which judgment was rendered by the trial court, who saw and heard the witnesses.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.