(100 South. 912)

## Ex parte STEVERSON.

## ROBINSON v. STEVERSON.

### (6 Div. 114.)

(Supreme Court of Alabama. May 29, 1924. Rehearing Denied June 30, 1924.)

1. **Pleading ⬤═146—Plea of set-off subject to same tests as complaint.**

A plea of set-off is on same footing as original complaint, and subject to same tests as to sufficiency of its allegations.

2. **Sales ⬤═435(4)—Plea of set-off held defective.**

In action for price of lumber, plea of set-off, which did not specify even in general terms nature of defects attributed to lumber received, held to be defective; allegation that plaintiff did not furnish lumber ordered being insufficient.

3. **Appeal and error ⬤═1042(4)—Denying motion to strike from plea not reversible error, since movant could by motion exclude evidence.**

Denying motion to strike from plea of set-off certain items of damages not properly recoverable was not reversible error, since movant could by objection exclude evidence of subject-matter or by requested instruction nullify its effect.

4. **Appeal and error ⬤═1089(5) — Supreme Court will not examine record to find basis for reviewing Court of Appeals' failure to consider question of harmless error.**

It is duty of Court of Appeals, under rule 45, to consider question of error without injury in connection with finding of error, but, if Court of Appeals failed to do so, responsibility must rest with it, for Supreme Court will not look to record to find basis for reviewing Court of Appeals' action in that regard, where opinion of Court of Appeals furnishes no basis therefor.

Certiorari to Court of Appeals.

Petition by J. M. Steverson for certiorari to the Court of Appeals, to review and revise the judgment and decision of that court in the case of Robinson v. Steverson, 100 South. 910. Writ denied.

Harsh, Harsh & Harsh, of Birmingham, for petitioner.

Defendant's plea of set-off was good against demurrer. Sledge v. Swift, 53 Ala. 112; Lang v. Waters' Adm'r 47 Ala. 624; Pike County v. Hanchey, 119 Ala. 36, 24 South. 751; Cooper v. Slaughter, 175 Ala. 211, 57 South. 477; Cassells' Mill v. Strater Bros., 166 Ala. 282, 51 South. 969; Warren & Lanier v. Cash. 143 Ala. 158, 39 South. 124; Stone v. Watson, 37 Ala. 279; 15 C. J. 732. Even if it be true that defendant's plea of set-off insufficiently averred the breach of warranty in the contract set up in plea, the case should not be reversed, as it affirmatively appears from the record that this ruling did not prejudice the appellant. Rule 45; Pratt Con. Co. v. Vintson, 204 Ala. 185, 85 South. 502; Morris v. Bragan, 195 Ala. 372, 70 South. 718; Thomas v. McArdle, 207 Ala. 521, 93 South. 395; Black v. Sloss Co., 202 Ala. 507, 80 South. 794; Sov. Camp, W. O. W., v. Ward, 201 Ala. 446, 78 South. 824; Barnes v. Marshall, 193 Ala. 94, 69 South. 436; Finney v. Newson, 203 Ala. 191, 82 South. 441; Birmingham Iron & Development Co. v. Hood, 19 Ala. App. 4, 94 South. 835; Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 South. 417, Ann. Cas. 1917D. 929. There was no reversible error in overruling plaintiff's motion to strike certain allegations of damage from defendant's plea of set-off. Vandiver v. Waller, 143 Ala. 411, 39 South. 136; Goldsmith, etc., v. Picard, 27 Ala. 142; Marx v. Miller, 134 Ala. 347, 32 South. 765; Davis v. L. & N., 108 Ala. 662, 18 South. 687; Daughtery v. Am. U. T. Co., 75 Ala. 168, 51 Am. Rep. 435; Worthington & Co. v. Gwin, 119 Ala. 44, 24 South. 739, 43 L. R. A. 382; Brookside-Pratt v. McAllister, 196 Ala. 110, 72 South. 18; National Surety Co. v. O'Connell, 202 Ala. 684, 81 South. 660; Plylar v. Jones, 207 Ala. 372, 92 South. 445; Bush v. Russell, 180 Ala. 590, 61 South. 373; Continental Cas. Co. v. Ogburn, 186 Ala. 398, 64 South. 619.

Rudulph & Smith, of Birmingham, opposed.

No brief reached the Reporter.

SOMERVILLE, J. [1] There are expressions in some of our earlier cases—see, especially, Sledge v. Swift, 53 Ala. 112—to the effect that a plea of set-off need not observe the same precision of allegation which would be required in stating the same cause of action in an original complaint.

The effect of our recent decisions, however, is to place such a plea on the same footing as an original complaint, and to subject it to same tests as to the sufficiency of its allegations. J. C. Lysle Mill Co. v. North Ala. Gro. Co., 201 Ala. 222, 77 South. 748. We see no reason for changing this rule.

[2] Applying this test to the plea of set-off here exhibited, we think it is defective in not specifying even in general terms the nature of the defects attributed to the carload of lumber received from the plaintiff. To allege merely that plaintiff "did not furnish such lumber as was ordered by defendant, and as plaintiff agreed to furnish," is no more than to say that plaintiff breached his contract. It does not meet the requirement stated in Rosengrant v. Finklea, 208 Ala. 401, 403, 94 South. 543, 545, "that it be sufficient to give the nature or character of the breach so as to inform the defendant what he is expected to defend." We think the plea in question should have stated that the lumber furnished to defendant was not such as was ordered in respect to kind, quality, or sizes, one or all, as the case might be. Such specifications would be very general indeed, but they would inform the plaintiff of the matters to be put in issue. Certainly they would not amount to statements of the evidence, as disapproved in Warren v. Cash, 143 Ala. 158, 39 South. 124. The cases reviewed and relied on by petitioner are by no means analogous to the case under consideration.

It is insisted that, even if the plea was defective and the demurrer erroneously overruled, the record does not show that prejudice resulted to plaintiff. It does not appear that that question was presented to the Court of Appeals, and, in any event, we would not review their conclusion in that regard.

[3] As to the action of the trial court in denying plaintiff's motion to strike from the plea of set-offs certain items of damage averred but not properly recoverable, we have uniformly held that it is not reversible error, since the movant may by objection exclude the evidence of such matters, or by requested instructions nullify its effect. Goldsmith v. Picard, 27 Ala. 142; Marx v. Miller, 134 Ala. 347, 352, 32 South. 765; Vandiver v. Waller, 143 Ala. 411, 39 South. 136, and many other cases.

In denying the writ of certiorari, we do not wish to be understood as sanctioning the statement in the opinion of the Court of Appeals that the denial of plaintiff's motion to strike was reversible error. If that were the only ground for the reversal of the trial court's judgment, the writ would be awarded.

Writ denied.

All the Justices concur.

On Application for Rehearing.

In Birmingham So. R. Co. v. Goodwyn, 202 Ala. 599, 81 South. 339, we clearly stated the rule limiting the review by this court of the decisions of the Court of Appeals, wherein that court has applied, whether affirmatively or negatively, the doctrine of error without injury to an erroneous ruling of the trial court:

"Where the opinion of the Court of Appeals affords, by its conclusive statement of its findings of fact, adequate basis or bases for the application of the doctrine of error without injury, looking to the affirmance of the judgment of the trial court, this court will, under the authority and duty imposed by section 140 of the Constitution, consider and determine whether the judgment should have been affirmed because the error, intervening in the trial court, was without injury to the appellant. McNeil v. Munson Lines, 184 Ala. 420, 63 South. 992."

Manifestly, what we said on this subject in the original opinion was not intended to deny or impair this rule. The opinion of the Court of Appeals made no reference to the question, nor did it contain any statement of fact, or condition of the record; which could supply a basis for a review of that question by this court. All that we meant to say was that in such a case we would not review the question, even if the opinion showed that it had been presented to and considered by the Court of Appeals.

[4] It was certainly the duty of that court, under rule 45, to give due consideration to the question of error without injury in connection with the finding of error in the ruling of the trial court on the demurrer to the plea of set-off. If there has been a failure to do so, as complained by counsel, the responsibility must rest with that court, for this court will not look to the record to find a basis for reviewing its action in that regard.

In Ex parte First National Bank of Montgomery (First National Bank, etc., v. Williams), 206 Ala. 394, 90 South. 340, relied on by petitioner, the statement that "this court will review the action of the Court of Appeals in applying or denying that doctrine" was rested upon the authority of Birmingham So. R. Co. v. Goodwyn, supra, and must of course be taken with the qualifying limitation therein expressed. In the Bank Case just above referred to, the opinion of the Court of Appeals found and stated the facts upon which the conclusion of error without injury was based, thus bringing the case within the rule for review.

As to the ruling on demurrer that the plea of set-off was insufficient, we are still of the opinion that that ruling was correct.

The application for rehearing will be overruled.

All the Justices concur.