DONALD v. THE ST. LOUIS, K. C. & N. RAILWAY CO.

1. **Railroads:** CATTLE GUARDS: MEASURE OF DAMAGES. Where land belonging to one party was inclosed in common with that of another at the time a railway was constructed through it, and subsequently a division fence was erected and the company notified to construct a cattle guard thereat, which it failed to do, *held:*

    1. That the company was liable for injury done to the crops upon the land set apart by cattle which entered it from the railway, and,

    2. That the measure of damages was the actual value of the crops destroyed.

*Appeal from Appanoose Circuit Court.*

THURSDAY, OCTOBER 5.

THIS is an action for the recovery of damages sustained by the failure of the defendant to erect and maintain cattle guards. The defendant upon the trial admitted the following facts:

The defendant's road was constructed over and through the real estate in petition described in the year 1858. At the time said road was constructed over said land, said real estate was inclosed in common with other lands belonging to one L. C. Killiam. Defendant's road was constructed over the real estate of the said L. C. Killiam, and crossed the dividing line between said land and the real estate in petition described. The land of the said L. C. Killiam and the real estate in petition described remained in common until November, 1873.

In the month of November, 1873, the said L. C. Killiam,

erected a partition fence between his said land and the land described in plaintiff's petition, said fence being erected on the dividing line between said two tracts of lands where defendant's road is constructed on both tracts of land. The defendant had due and legal notice of the erection of said partition fence, and due and legal notice to erect a cattle guard at the point on its road where it leaves and enters the land described in petition.

The defendant had a reasonable time to erect said cattle guard after notice, and before the damage sued for in this suit. There were no cattle guards erected at said point by defendant or other person, until the month of May, 1874.

Plaintiff, in the spring of 1873, leased the land in petition described, and, in 1873, raised thereon a crop of corn.

The stock pasturing in the inclosed lands of L. C. Killiam, at the time mentioned in plaintiff's petition, escaped therefrom over defendant's road at the point where defendant was notified to erect said cattle guard, and into the land described in plaintiff's petition, and while there damaged plaintiff's corn to some extent. The plaintiff and defendant knew that there was no cattle guard erected at said road during all the time said crop was being raised. The corn so destroyed was worth 35 cents per bushel.

There was evidence tending to show that the amount of corn destroyed was 150 bushels. The court rendered judgment for plaintiff for $52.50. The defendant appeals.

*Trimble & Carruthers*, for appellant.

*J. C. Coad*, for appellee.

DAY, J.—The only question presented is as to the measure of damages. The court allowed the plaintiff the value of the crop destroyed. Appellant insists that plaintiff under the circumstances disclosed had no right to plant a crop; that he should have allowed the premises to remain uncultivated, and that the measure of his damage is the rental value of the land. We think otherwise. Plaintiff had a right to make the usual use of the premises. Defendant knew the partition

fence had been erected, was notified to put in a cattle guard, and had time to do so before the damage was occasioned. It was defendant's duty to erect a cattle guard, and plaintiff had a right to suppose this duty would be performed. If plaintiff had allowed the premises to remain idle, and had sued for the rental value, defendant probably would have said "if you had planted a crop, *non constat* it would have been injured," or "if you had cultivated the premises, creating a necessity for a cattle guard, it would have been erected in time to protect your crops." There is no error in the judgment of the court below. See *Smith v. Chicago, Clinton & Dubuque R'y Co.*, 38 Iowa, 518.