No. 13,425.

THE CHICAGO AND ATLANTIC RAILWAY COMPANY v. BARNES.

SPECIAL FINDING.—*Correct Ultimate Conclusion of Law.*—*Erroneous Intermediate Conclusion not Available for Reversal of Judgment.*—If the ultimate conclusion of the trial court is right, upon the facts specially found, an intermediate error in stating a conclusion of law, not of controlling force, will not authorize the reversal of the judgment.

RAILROAD.—*Fence.*—*Agreement to Maintain.*—*Farm Crossing.*—*Liability for Animals Killed.*—Where a railroad company, in consideration of the grant of a right of way through a farm, agrees to erect and maintain a safe private crossing and a secure fence, it is bound to pay for animals killed by its trains where they enter upon the track through the fault of the company in failing to fence the crossing in accordance with the contract.

SAME.—*Leaving Crossing Gates Open.*—*Burden of Proof.*—If the gates at the crossing are left open by the land-owner, or by a wrong-doer other than the railroad company, that is a matter of defence.

From the Porter Circuit Court.

*J. S. Slick* and *W. O. Johnson,* for appellant.

*W. Johnston,* for appellee.

ELLIOTT, J.—A mare and a bull belonging to the appellee were struck and killed by one of the appellant's locomotives on the 2d day of May, 1884. The facts which control the controversy are thus stated in the special finding : " The animals entered on the right of way and track of the defendant at a private road crossing made by the defendant to enable the plaintiff to pass to and from his fields, situate immediately north and south of the defendant's right of way, which the plaintiff had long used. The defendant's road runs east and west through plaintiff's farm where the crossing was made. The defendant obtained its right of way by conveyance from the plaintiff. As part consideration for the execution of the deed it was stipulated therein as follows : ' Said

company agrees to build and maintain a good and sufficient fence upon both sides of the right of way, and farm crossings, with cattle-guards for the width of space of three rods on each side of the center line of said railroad, as now located, making six rods in width, and for the distance between the limits of said tracks.' The defendant accepted the deed, constructed its road, and built a substantial fence on both sides of the right of way through plaintiff's land, and also built substantial gates at the private crossing in the line of fences, but has failed and neglected to construct the cattle-guards on the sides of the crossing. Continuously for two months or more before the killing of said animals the gate fastenings were insufficient, and did not securely hold the gates in place, and did not constitute a sufficient fence to keep cattle and horses from entering thereat upon the defendant's right of way and track. This fact was well known to both plaintiff and defendant for a long time prior to the date of the killing of said animals, to wit, for the period of two months or more. Neither the plaintiff nor the defendant made any effort to provide the gates with proper or sufficient fastenings."

Immediately before the plaintiff's animals were killed they were feeding on his pasture on the north side of the road, and passed from that field through an open gate at the private crossing on to the defendant's track.

The question in this case is whether the trial court did right in awarding a recovery, for, if the facts entitled the appellee to a recovery, then the judgment will not be reversed, although some one of the conclusions of law stated by the court may be erroneous. If the ultimate conclusion of the court is right upon the facts, an intermediate error in stating a conclusion of law which is not of controlling force will not authorize a reversal. *Krug* v. *Davis*, 101 Ind. 75; *Bothwell* v. *Millikan*, 104 Ind. 162.

Where an erroneous conclusion of law leads to an erroneous judgment, it will, of course, require this court to set aside

that judgment; but it is manifest that an intermediate error, which does not materially affect the final conclusion, can not be sufficient cause for reversing the judgment. We do not, therefore, deem it necessary to inquire whether the trial court was, or was not, right in stating as one of the conclusions of law, that it was the primary duty of the appellant to build and maintain secure fences, and that the " contract only afforded an additional assurance that the duty which the law enjoined would be performed."

There was a valid contract between the parties, founded upon a valuable consideration, and designed to accomplish a designated object. Contracts are, as a familiar elementary rule declares, to be construed by the light of attendant circumstances and with reference to the object it was the intention of the parties to accomplish. *Indiana, etc., R. W. Co.* v. *Adamson*, 114 Ind. 282.

It is quite clear that the construction given the contract by the trial court is such as this rule commands. It imposed upon the appellant the obligation of providing a safe private crossing, and of erecting and maintaining a secure fence. For a breach of the duty created by the contract the appellee had a right of action. Whether the action could be maintained if there were no such contract is not the question; the question is, was there a breach of the contract, and did loss result to the plaintiff from that breach?

It is argued that the measure of damages is not the value of cattle killed, but the cost of erecting and maintaining a secure fence. The principle declared in *Louisville, etc., R. W. Co.* v. *Sumner*, 106 Ind. 55, rules here, and decides this question against the appellant.

Where a railroad company obtains a right of way through a farm, and in consideration of the grant agrees to erect and maintain a secure fence, it is bound to pay for animals killed by its trains, in cases where the animals enter upon the track through the fault of the company in failing to fence the crossing in accordance with the terms of the contract. *Don-*

*ald* v. *St. Louis, etc., R. W. Co.,* 44 Iowa, 157 ; *Smith* v. *Chicago, etc., R. R. Co.,* 38 Iowa, 518 ; *Fernow* v. *Dubuque, etc., R. R. Co.,* 22 Iowa, 528 ; *Chicago, etc., R. R. Co.* v. *Ward,* 16 Ill. 522 ; *Conger* v. *Chicago, etc., R. R. Co.,* 15 Ill. 366 ; *Joliet, etc., R. R. Co.* v. *Jones,* 20 Ill. 222 ; *Poler* v. *New York, etc., R. R. Co.,* 16 N. Y. 476 ; *Hull* v. *Chicago, etc., R. R. Co.,* 20 Am. & Eng. R. R. Cases, 341 ; *Raridon* v. *Central Iowa R. R. Co.,* 19 Am. & Eng. R. R. Cases, 615.

The facts stated make a *prima facie* case for the appellee, for they show a valid contract to make a secure fence, a breach of this contract, and that the animals got upon the track because the fence was not such as it was appellant's duty to erect and maintain. If it had appeared that the gates were left open by the appellee, or by some wrong-doer other than the appellant, we should, perhaps, be required to hold that there was no liability ; but no such facts appear. We do not believe it was necessary for the special finding to state that the gate was not left open by the appellee, or by a wrong-doer, for certainly the plaintiff was not bound to prove these facts in order to make out his case. He was bound to prove the contract, the appellant's breach, and loss resulting from it, but he was not bound to anticipate and overthrow defences that might have availed the appellant.

Judgment affirmed.

Filed Nov. 10, 1888.