(85 South. 502)

# PRATT CONSOL. COAL CO. v. VINTSON.
## (6 Div. 34.)

(Supreme Court of Alabama. April 8, 1920.)

**1. Mines and minerals ⬳58—Contract to mine need not specify time.**

A contract to mine a specified area of coal need not stipulate within what time the coal should be mined or when work should begin.

**2. Pleading ⬳9—Complaint for breach of contract to mine coal need not allege it was to be mined within reasonable time.**

In an action by one who had contracted to mine coal for a breach of contract, it was not necessary for the complaint to allege the implication of law that it was to be begun and completed within a reasonable time, where the breaches charged to defendant were in no way related to the beginning or completion of the work, and it was alleged that plaintiff promptly proceeded to carry out his part of the contract and was prevented therefrom by breaches of defendant.

**3. Pleading ⬳8(7)—Allegation that defendant prevented plaintiff from performing his contract held mere conclusion.**

In an action by one who had contracted to mine coal for a breach thereof, an allegation that "defendant prevented plaintiff from carrying out said provisions on his part" was a mere conclusion of the pleader, and was subject to demurrer specially directed thereto, since something ought to have been stated showing the character or manner of the alleged prevention.

**4. Appeal and error ⬳1040(10)—Overruling demurrer to allegation of conclusion supported by evidence not prejudicial error.**

Although an allegation that "defendant prevented plaintiff from carrying out said provisions on his part" was a mere conclusion of the pleader, defendant could not have been prejudiced by the mere generality of the allegation, where the evidence was presented on the trial and overruling of demurrer therefor was not reversible error.

**5. Damages ⬳62(4)—Innocent party must make reasonable efforts to prevent damage resulting from contract breach.**

The general rule that the innocent party to a broken contract can recover only for such damage as he was unable to prevent by his own prudent and reasonable efforts in the premises, and that these efforts would include the making of reasonable expenditures of money when necessary and plainly effective, is subject to the limitations that the innocent party does not come under the rule unless he has the means to make such expenditures, that the person injured is not required to make extraordinary expenditures requiring a disproportionate outlay in endeavoring to guard against the consequences of the wrongdoer's act, and that where the party whose duty it is primarily to perform a contract has equal opportunity for performance, and equal knowledge of the consequence of nonperformance, he cannot, while the contract is subsisting and in force, be heard

to say that plaintiff might have performed for him.

Appeal from Circuit Court, Jefferson County; John C. Pugh, Judge.

Action by Beauregard Vintson against the Pratt Consolidated Coal Company for breach of contract to mine coal. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

J. H. Bankhead, Jr., of Jasper, and Lamkin & Watts, of Birmingham, for appellant.

Counsel discuss the errors assigned, but without citation of authority.

Harsh, Harsh & Harsh, of Birmingham, for appellee.

No brief reached the reporter.

SOMERVILLE, J. [1, 2] It was not necessary for the contract to stipulate within what time plaintiff's undertaking to mine the specified area of coal was to be performed, or when the work should begin, and it was not necessary for the complaint to allege the implication of law that it was to be begun and completed within a reasonable time, where the breaches charged to defendant are in no way related to the beginning or completion of the work, and where it is alleged that plaintiff promptly proceeded to carry out his part of the contract and was prevented therefrom by the breaches of defendant. The contract here sued on did not in any way involve the sale or leasing of real estate. Defendant's plea No. 2, based upon the contrary assumption, and setting up the statute of frauds, was wholly inapt and irrelevant, and the demurrer thereto was properly sustained.

[3, 4] We think that the second assignment of breach, viz., "defendant prevented plaintiff from carrying out said provisions on his part," is a mere conclusion of the pleader, and was subject to the grounds of demurrer specially directed thereto. Something ought to have been stated showing the character or manner of the alleged prevention, as that defendant forbade him to proceed with the work, or stopped him from working, or failed or refused to furnish him with the facilities agreed upon. Woodward Iron Co. v. Frazier, 190 Ala. 305, 67 South. 430. However, as the evidence was presented on the trial, we are unable to see how the mere generality of this allegation, and the absence of a more specific statement, could have prejudiced the defendant.

Defendant's request for the general affirmative charge, refused by the court, presents three questions of fact: (1) Whether there was any evidence tending to show an obligation on the part of defendant to furnish a

site on the railroad right· of way for plaintiff's tipple; (2) whether there was any evidence tending to show that defendant stopped plaintiff from' mining the coal, when he was able, ready, and willing to perform; and (3) whether·there was any evidence tending to show that defendant's general superintendent, Pennington, was authorized, actually or ostensibly, to make the contract in question with plaintiff.

On the first issue it appears without dispute, from plaintiff's own testimony, that defendant was not contractually bound to furnish a site for the tipple, but merely and gratuitously promised to give expert advice as to the most desirable location. In so far as plaintiff's case depended upon that alleged breach, he was clearly not entitled to recover. But, on the second issue, plaintiff testified that Pennington stopped him from carrying out the contract, which he was ready, willing, and able to do. We would infer from his entire testimony that he was stopped from work merely by Pennington's failure to provide a place on the railroad, or a spur track, for the tipple. But, as the testimony stood, it was for the jury to say what it meant.

On the third issue it was very clearly open to the jury to find that the contract was made with the knowledge of the governing authority of the defendant company, or else that Pennington was ostensibly authorized to make the contract and that plaintiff could properly rely upon the appearance of such authority. Wheeler v. McGuire, 86 Ala. 398, 5 South. 190, 2 L. R. A. 808. For the reasons stated, the general affirmative charge was properly refused.

[5] It is a general rule of law that the innocent party to a broken contract can recover only for such damage as he was unable to prevent by his own prudent and reasonable efforts in the premises, and these efforts would include the making of reasonable expenditures of money· when necessary and plainly effective.

"The person injured is not required, however, to make extraordinary expenditures requiring a disproportionate outlay in endeavoring to guard against the consequences of the wrongdoer's act." 17 Corp. Jur. 770, § 97.

In the instant case, plaintiff could not have been required to build a spur track at a cost of $400 or $500 unless such an outlay was reasonable and prudent under all the circumstances, and unless he had .the means to do so, and the requested instruction that, if he could have secured a loading place at a reasonable cost, the measure of his damages would be such reasonable cost, was at least misleading, and therefore properly refused. The estimated cost of the spur may have been reasonable in the abstract, but it may nevertheless have been an unreasonable burden to impose upon plaintiff under the circumstances, and in relation to his ·contract.

Moreover, there is another limitation in the general rule, which we think is applicable here:

"Where the party, whose duty it is primarily to perform a contract, has equal opportunity for performance, and equal knowledge of the consequences of nonperformance, he cannot, while the contract is . subsisting and in force, be heard to say that plaintiff might have performed for him." Ash v. Soo Sing Lung, 177 Cal. 356, 170 Pac. 843; Louisville, etc., R. R. Co. v. Sumner, 106 Ind. 55, 5 N. E. 404, 55 Am. Rep. 719; 17 Corp. Jur. 774, § 99.

We find no prejudicial error in the record, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.