McCARTY et al. v. UNITED STATES.

No. 13261.

United States Court of Appeals
Fifth Circuit.

Dec. 5, 1950.

Rehearing Denied Feb. 13, 1951.

Charles W. Greer, Birmingham, Ala., for appellant.

John D. Hill, U. S. Atty., William L. Hogue, Asst. U. S. Atty., Birmingham, Ala., for appellee.

Before McCORD, BORAH and RUSSELL, Circuit Judges.

McCORD, Circuit Judge.

This suit was brought by the United States against David McCarty and Harry Cohen for the alleged breach of a written contract. Under the terms of the contract, the defendants agreed to purchase from the Government and remove from an Army camp at Ft. McClellan, Alabama, for a specified period all waste food fit for animal consumption, and to pay for same at the rate of $.07 per month for each man at the camp during that period. Recovery was sought for the alleged failure of the defendants to pay the Government the sum of $10,121.56 for waste collected for the period from October 26, 1945 to January 31, 1946, and for the failure to carry out the contract from February 1, 1946 to June 31, 1946, as a result of which breach of contract the Government sustained a loss of $1,056.86. Further damages were averred in that the defendants either converted to their own use or failed to return to the government 252 "G.I. Cans" of the value of $833.18, which had been furnished to the defendants by the Government for removing the waste from the camp. It was admitted by the Government that defendants were entitled to a credit of $4,-000.00 against the total sum of $12,008.60 claimed, leaving a balance due the Government of $8,008.60.

In answer, the defendants interposed defenses (1) that the Government had failed to furnish waste of the kind and character agreed upon, the same being totally unfit for the purpose for which it was bought; and (2) that defendants were entitled to recoup the sum of $10,000.00, as the reasonable value of 1400 hogs of the defendants which were alleged to have died as a result of eating the waste purchased from the Government. Other defenses pleaded were the alleged cancellation of the contract by mutual consent, and the alleged failure and refusal of the Government to furnish the defendants sufficient cans for the performance of the contract.

The case was tried to a jury, which returned a verdict in favor of the Government in the amount of $5,755.36. Thereafter, the trial court allowed an amendment of the complaint so that the pleadings would conform to the proof and overruled a motion by defendants for new trial.

The principal issues confronting us for determination are (1) whether there is

substantial evidence to support the verdict; and whether the trial court committed reversible error (2) in certain rulings on the evidence; (3) in striking certain of the defenses pleaded from the consideration of the jury; and (4) in allowing an amendment of the complaint after trial.

No useful purpose would be served by reviewing the testimony at length. We consider it sufficient to observe there is sufficient evidence in the record from which the jury might reasonably have found that defendants breached their contract with the Government as charged, and that the loss suffered as a result of their breach was in no wise speculative or uncertain, but entirely commensurate with the damages assessed.

We find no merit in the contention that under the evidence adduced the Government failed to discharge its duty of minimizing the damages resulting from the breach of contract by the defendants. In this connection, we find the language of the Alabama Supreme Court in the case of Pratt Consolidated Coal Company v. Vintson, 204 Ala. 185, 85 So. 502, 503, particularly applicable here: "Where the party, whose duty it is primarily to perform a contract, has equal opportunity for performance, and equal knowledge of the consequences of nonperformance, he cannot, while the contract is subsisting and in force, be heard to say that plaintiff might have performed for him."

Moreover, it was shown that although by virtue of the breach of contract by the defendants the Government would ordinarily have lost 7 cents per man per month, it showed its good faith by a reasonable effort to minimize the damages under a new contract with other parties at a rate of 5 cents per man per month. It is without dispute that defendants were credited with the amount realized by the Government under the new agreement, and that the amount of the Government's loss and damages suffered as a result of the breach was reduced from the sum of $3,684.99 to $1,052.86.

We are constrained to believe that under the circumstances here involved the Certificate of Settlement of the General Accounting Office purporting to show that the defendants were indebted for the "G.I. Cans", as well as the letter from the Army camp official stating the Government had performed its part of the contract, were both admissible. Their introduction into evidence was not so prejudicial as to constitute reversible error, for they were admittedly official documents and papers taken from Government files regarding the transaction in dispute, and were only evidence of probative value to be considered by the jury along with the entire mass of testimony. See Title 31 U.S.C.A. § 46; Title 28 U.S.C.A. §§ 1733(a) & 1733(b); U. S. v. Conti, 1 Cir., 119 F.2d 652; Franklin et al. v. Skelly Oil Co., 10 Cir., 141 F.2d 568, 572, 153 A.L.R. 156.

The charge of the trial court was full and fair and no exception was taken. If there was any error in excluding the defenses of recoupment and cancellation of the contract from the consideration of the jury, it was error without injury, for the record reveals the trial court allowed voluminous and detailed evidence on behalf of the defendants as to the condition of the waste, its effect upon the hogs, the death of the hogs, the alleged cancellation of the contract, and all the surrounding circumstances under the contention that the waste was unfit. We further find no error in the allowance of the amendment to the complaint after trial. See Watson v. Cannon Shoe Co., 5 Cir., 165 F.2d 311, 313.

There is no reversible error in the record and the judgment is accordingly affirmed.